UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE WAYNE NICHOLES, | No. 2:16-cv-2643 AC P |
| Petitioner, | |
| v. | ORDER |
| M.A. STANCIL, | |
| Respondent. | |

Petitioner, a prisoner in federal custody, has filed a petition for writ of habeas corpus challenging a state conviction. Petitioner has also filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the in forma pauperis application has not been filled out and signed by an authorized prison official. See Rule 3(a)(2), Rules Governing Section 2254 Cases. Petitioner is advised that he is not required to submit a certified copy of his trust account statement, but the certificate portion of the application which states how much he currently has in his trust account must be completed and signed by a prison official. Petitioner will be given an opportunity to submit a fully completed application to proceed in forma pauperis.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 491 (1989) (emphasis

1

1  in original) (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)).  Because petitioner is in federal
2  custody, it appears likely that he is not currently serving time for the state conviction that he is
3  attempting to challenge. It is not, however, impossible.  <u>See</u> 18 U.S.C. § 5003 (allowing the
4  Director of the Bureau of Prisons to contract with state officials to allow for the housing of state
5  offenders in federal facilities).  If that is the case, then habeas jurisdiction lies.  Moreover, "[a]
6  state detainer warrant against a federal prisoner is sufficient 'custody' to confer habeas corpus
7  jurisdiction."  <u>Rose v. Morris</u>, 619 F.2d 42, 43 (9th Cir. 1980) (citations omitted); <u>Maleng</u>,
8  490 U.S. at 493 (because state had filed a detainer with federal authorities, petitioner serving
9  federal sentence was "in custody" for purposes of challenging a state sentence which he had not
10 yet begun to serve), <u>but see</u> <u>Wilson v. Belleque</u>, 554 F.3d 816, 823-24 & n.2 (9th Cir. 2009)
11 (recognizing that Supreme Court has left open the question of whether a detainer is necessary to
12 confer jurisdiction where sovereign with physical custody is distinct from sovereign lodging
13 detainer and declining to express an opinion (citing <u>Braden v. 30th Judicial Cir. Court of Ky.</u>,
14 410 U.S. 484, 489 n.4 (1973)).

15       It is not clear from the petition whether the court has jurisdiction over petitioner's claims.
16 In order for this court to determine whether it has jurisdiction, the California Attorney General's
17 Office shall be required to appear for the limited purpose of advising the court whether petitioner
18 is currently in federal custody for the state convictions he is challenging in the instant petition or
19 whether the State of California, or one of its entities or officials, has lodged a detainer against
20 petitioner.

21       Accordingly, IT IS HEREBY ORDERED that:

22       1. The Clerk of the Court shall provide petitioner with another copy of the in forma
23 pauperis application used by this court.

24       2. Petitioner shall submit, within thirty days from the date of this order, a fully completed
25 in forma pauperis application.  Petitioner's failure to comply with this order will result in a
26 recommendation that this action be dismissed without prejudice.

27       3. Within thirty days from the date of this order, the California Attorney General's Office
28 shall be required to appear for the limited purpose of advising the court whether petitioner is

currently in federal custody for the state convictions he is challenging in the instant petition or whether the State of California, or one of its entities or officials, has lodged a detainer against petitioner.

4. The Clerk of the Court shall serve a copy of this order and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: November 21, 2016.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE